UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 10-22799-CV-LENARD/TURNOFF

TRISHA ROCHA,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's (Carnival) Motion to Dismiss **[DE7]**, and an Order of Referral entered by the Honorable Joan A. Lenard. **[DE15]**. A hearing on the Motion **[DE7]** took place before the undersigned on January 6, 2011.

Upon review of the Motion **[DE7]**, the Response **[DE13]**, the Reply **[DE14]**, the court file, and consistent with the Court's ruling as announced in open Court, the undersigned makes the following findings.

The Complaint alleges that Plaintiff was a passenger onboard Carnival's Ship "Paradise" on or about August 12, 2009. Compl. at ¶ 7. One of the scheduled stops on the cruise was Ensenada, Mexico. Id. at ¶ 8. According to Plaintiff, Carnival provided her with a map that listed certain areas and businesses that were safe to visit while in Ensenada. Id. at ¶ 9. Relying on Defendant's representations, Plaintiff visited one of the listed restaurants while the ship was docket in Ensenada. Id. at ¶ 10. Plaintiff claims that she was drugged and/or sexually assaulted by an employee of the restaurant. Id. at ¶¶ 11, 12. The one count Complaint alleges, among other things,

negligence and lists various subparts, including, but not limited to: failure to warn passengers of the dangers of being drugged and/or sexually assaulted in Ensenada, failure to investigate the recommended businesses, failure to protect passengers, etc. The complete list of additional subparts is listed in the Complaint in ¶ 13 (a)-(m).

This action was filed on August 3, 2010. The instant Motion followed on September 7, 2010. **[DE7]**.

By way of summary, Defendant argues that the action should be dismissed because Plaintiff fails to allege that a legal duty was: a) owed to her by Defendant, and b) breached by Defendant. Id. Defendant also argues that Plaintiff cannot demonstrate that Defendant breached any such duty or that such duty was the proximate cause of Plaintiff's assault. Id.

In this connection, Defendant specifically asserts that : (1) Plaintiff fails to state a claim as there was no duty by Defendant to warn her that criminal acts occur generally, (2) Plaintiff fails to allege that Defendant was on notice of prior sexual assaults and druggings having occurred at the subject restaurant, (3) Plaintiff fails to allege that Defendant was on notice of the criminal propensities of the alleged assailant. Id. Defendant also argues that even if it had a duty to warn Plaintiff of the possibility of a sexual assault or drugging, the intervening criminal act of a third party was the proximate cause of Plaintiff's damages. Id. Lastly, Defendant notes that Plaintiff has failed to identify the restaurant, as well as the alleged assailant in her Complaint. Id.

Plaintiff, on the other hand, agues that the issue of whether Defendant had notice (regarding dangers) is a question of fact, and that the question of foreseeability as to the intervening criminal acts of others is a question for the jury; neither of which should be determined at the motion to dismiss stage. **[DE13]**. In this regard, Plaintiff expects discovery to reveal, among other things, that

2

Defendant has made scheduled stops to Ensenada for several years, that Defendant has promoted Ensenada for years, and as a result, should have foreseen that these sort of attacks would take place. Id.

In sum, Plaintiff argues that dismissal is improper, because discovery has not yet occurred. The undersigned agrees.

On a motion to dismiss, the Court must accept the factual allegations as true and construe them broadly – in the light most favorable to the plaintiff. See Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); Cottone v. Jenne, 326 F.3d 1352, 1355 (11th Cir. 2003). The threshold of sufficiency for a complaint to withstand a motion to dismiss is that it must contain a short and plain statement of the claim showing that the pleader is entitled to relief. See United States v. Baxter International, Inc., 345 F.3d 866, 880 (11th Cir. 2003). The Court may only examine the four corners of the complaint. Matters outside the complaint are not to be considered without converting the motion to dismiss to a motion for summary judgment. Caravello v. American Airlines, 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004); see also St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

A few years ago, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), the Supreme Court expanded on the liberal pleading requirements and explained that a complaint must offer more than a "formulaic recitation of the elements of a cause of action." However, "it remains black-letter law today that in the ordinary case, a complaint need not provide detailed factual allegations in order to withstand 12(b)(6) scrutiny." Caytrans BBC, LLC v. Equipment Rental & Contractors Corp., 2009 WL 857554, at *2 (S.D. Ala. Mar. 25, 2009)(citing Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 958 (11th Cir. 2009). In other words, Twombly neither eliminated nor marginalized the liberal

3

pleading rules. <u>Caytrans</u>, 2009 WL 857554, at *2.

Applying this standard to the Complaint in this case, the undersigned finds that Plaintiff has plead sufficiently to satisfy the liberal pleading rules, <u>Twombly</u>, and the cases that followed. Further, many of the allegations in this Complaint require a "context specific inquiry" and "necessitate the development of the factual record before the Court can decide whether, as a matter of law, [Defendant was negligent]." See <u>Prokopenko v. Royal Caribbean Cruises, Ltd.</u>, 2010 WL 1524546 (S.D. Fla.). Defendant's arguments, which are certainly colorable, are best addressed by way of a motion for summary judgment.

Consistent with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that Defendant's Motion to Dismiss **[DE7]** be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties may file written objections to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Judge, within fourteen (14) days of receipt. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149, <u>reh'g denied</u>, 7 F.3d 242 (11th Cir. 1993); <u>LoConte v. Duggar</u>, 847 F.2d 745 (11th Cir. 1988), <u>cert. denied</u>, 488 U.S. 958, 109 S. Ct. 397 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 12th day of January 2011.

*(signature)*

_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:   Hon. Joan A. Lenard
      Counsel of Record